IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GORDON BROOKS,

        Plaintiff,

  vs.                                Case No. 2:13-CV-507
                                      Judge Frost
                                      Magistrate Judge King

MARY POTTER, *et al.*,

        Defendants.

## REPORT AND RECOMMENDATION

      This matter is before the Court for consideration of plaintiff's motion for interim injunctive relief, *Emergency Temporary Protective Order* ("*Plaintiff's Motion*"), Doc. No. 3.  The State of Ohio opposes *Plaintiff's Motion*,[1] *The State of Ohio's Response in Opposition to Plaintiff's [Motion]* ("*Defendants' Response*"), Doc. No. 10, and plaintiff has filed a reply, Doc. No. 21.  This matter is now ripe for consideration.

**I.    Standard**

      Rule 65 of the Federal Rules of Civil Procedure permits a party to seek injunctive relief if he believes that he will suffer irreparable harm or injury without such relief.  Fed. R. Civ. P. 65(a), (b).  A temporary restraining order relates only to restraints sought without notice to the adverse party.  *Id.*  Where, as in the case presently before the Court, the adverse party has been given

---

[1] The State of Ohio filed a response to *Plaintiff's Motion* because no defendant had been served at the time a response was due.  *Defendants' Response*, p. 1.

1

notice, the application is properly treated as one for a preliminary injunction. *See id.; Rios v. Blackwell*, 345 F. Supp. 2d 833, 835 (N.D. Ohio 2004) ("As long as there is notice to the other side and an opportunity to be heard, the standard for a preliminary injunction is the same as that for a temporary restraining order.").

The decision whether or not to grant a request for interim injunctive relief falls within the sound discretion of the district court. *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 102 (6th Cir. 1982); *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). An injunction, however, is an extraordinary remedy that should be granted only after a court has considered the following four factors:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (citing *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 459 (6th Cir. 1997)). These four considerations are factors to be balanced. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985); *Mich. Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001). However, a preliminary injunction should not issue where there is simply no likelihood of success on the merits. *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997). "Moreover, a district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of*

*Monroe*, 341 F.3d 474, 476 (6th Cir. 2003) (citing *DeLorean*, 755 F.2d at 1228). Finally, the movant bears the burden of establishing that "the circumstances clearly demand" this extraordinary remedy. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary*, 228 F.3d at 739).

**II. Discussion**

Plaintiff Gordon Brooks, a state inmate,[2] brings this civil rights action under 42 U.S.C. § 1983 against four employees of the Ohio Department of Rehabilitation and Correction ("ODRC"). The *Complaint*, Doc. No. 2, alleges that, while he was incarcerated in the Belmont Correctional Institution ("BeCI") on October 21, 2011, plaintiff was accused of being a "snitch" and threatened by several inmates. *Id.* at p. 2. Plaintiff thereafter "ran straight to the institution investigator[']s office" and informed defendant Mary Potter, identified in the *Complaint* as an investigator at BeCI, that he had been threatened, that he had previously been an informant for the Akron Police Department and the Federal Bureau of Investigation, and that certain inmates were smoking marijuana. *Id.* at pp. 2-3. Defendant Potter placed plaintiff in segregation pending a protective custody investigation and verification of plaintiff's claimed work as an informant. *Id.* at p. 3.

Plaintiff "was seen by the Protective Control Committee" (the "Committee") on October 25, 2011. *Id.* at p. 4. The *Complaint* alleges

---

[2] The docket reflects a current address for plaintiff at the Allen Correctional Institution; however, motions filed on August 23 and 29, 2013 by defendants Mary Potter and Michelle Miller represent that plaintiff is currently incarcerated at the Toledo Correctional Institution. *See* Doc. Nos. 22, 23.

3

that the Committee verified plaintiff's previous work as an informant, noted that defendant Potter did not want plaintiff celled with inmates from Akron, Ohio, and recommended that plaintiff be transferred to another institution. *Id*. Plaintiff alleges that he was returned to his cell even though he had informed the Committee that one of his cellmates was from Akron, Ohio, and that plaintiff had "snitched on" that inmate. *Id*. Plaintiff alleges that he was assaulted later that same day by the two inmates with whom he shared a cell. *Id*.

Plaintiff further alleges that he was transferred to the Ross Correctional Institution ("RCI") on May 18, 2012. *Id*. at p. 5. On June 7, 2012, plaintiff was allegedly assaulted by inmates because he was an informant. *Id*.

On June 11, 2012, plaintiff was again seen by the Committee, which verified that plaintiff had been an informant and had been assaulted. The Committee recommended that plaintiff be transferred to yet another institution. *Id*. Plaintiff appealed this decision to defendant RCI Warden T. Buchannon, who denied the appeal. *Id*. On August 24, 2012, defendant Buchannon allegedly "came to plaintiff's cell door and stated[,] 'I'm calling Columbus and having the decision changed. You are going to [protective custody] where you should have been a long time ago.'" *Id*. Plaintiff remained in segregation until he was transferred to the Allen Correctional Institution ("ACI") on November 20, 2012 and placed "in the unit designated to house inmates in protective custody." *Id*. at pp. 5-6. Plaintiff refused to be celled with other inmates at ACI and was placed in segregation. *Id*. at p. 6.

4

The *Complaint* alleges that each defendant "knew of danger and disregarded it which resulted in plaintiff being assaulted several times." *Id*. at p. 7. Defendant John Doe, who has not been served, allegedly sent plaintiff to BeCI knowing "that plaintiff's life would be in danger." *Id*. at p. 6. Defendant Potter, the BeCI investigator, allegedly knew that plaintiff was an informant, but "failed to designate plaintiff as a cell alone [sic] in segregation and allowed the same inmate who plaintiff snitched on to be placed in [the] same cell." *Id*. at p. 6. Defendant Michelle Miller, identified as the Warden at BeCI, allegedly knew that plaintiff was an informant and was told by defendant John Doe "to address the issue," but failed to place plaintiff in protective custody and allowed three inmates to be housed in a two-person cell. *Id*. The *Complaint* appears to assert claims of deliberate indifference[3] against each defendant based on a failure to protect. The *Complaint* seeks an award of damages but no injunctive relief.

*Plaintiff's Motion* anticipates plaintiff's removal from protective custody and placement in the general population at ACI because of his refusal to be celled with any other inmate.

---

[3] The Eighth Amendment to the United States Constitution prohibits the infliction of cruel and unusual punishment. This constitutional prohibition requires that prison officials provide to inmates adequate food, clothing, shelter and medical care. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To constitute cruel and unusual punishment, conduct that does not purport to be punishment must involve more than the ordinary lack of due care for the prisoner's interests or safety. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Moreover, prison officials must "take reasonable measures to guarantee the safety of inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). Prison officials may be held liable for injuries sustained by an inmate at the hands of other inmates only if the officials know that the inmate faced a substantial risk of serious harm and nevertheless displayed "deliberate indifference" to inmate health and safety. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004).

*Plaintiff's Motion*, p. 2. *Plaintiff's Motion* also alleges that plaintiff's "life will be in grave danger" if he is removed from protective custody. *Id*. at pp. 1-2. Accordingly, *Plaintiff's Motion* seeks an order "that plaintiff not be removed from protective custody until this case has been disposed of." *Id*. at p. 3. *Plaintiff's Motion* is not well taken.

As an initial matter, none of the defendants presently before the Court is an employee at plaintiff's current institution, whether that institution is ACI or the Toledo Correctional Institution. It is therefore not apparent that any of those defendants is in a position to effect the relief sought by *Plaintiff's Motion*.

Moreover, plaintiff has failed to establish a strong likelihood of success on the merits. *Plaintiff's Motion* fails to even address this issue; the motion simply argues that plaintiff's "life will be in grave danger" if he is removed from protective custody. *See Plaintiff's Motion*, p. 1. Plaintiff offers no evidence in support of this contention or of his Eighth Amendment deliberate indifference claims, and *Plaintiff's Reply* fails to address any of defendants' numerous arguments regarding the likelihood of success on the merits, *see Defendants' Response*, pp. 4-8 (arguing that plaintiff has waived his claims under *Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities*, 825 F.2d 946, 951 (6th Cir. 1987), that plaintiff's claims are barred by *res judicata*, that plaintiff failed to exhaust his administrative remedies, and that defendants are entitled to qualified immunity). Under the circumstances, the Court cannot conclude that plaintiff has carried his burden of establishing a

6

"strong likelihood of success on the merits." *See Leary*, 228 F.3d at 739 (citations omitted) ("[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion . . . ."); *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012) ("The party seeking the preliminary injunction bears the burden of justifying such relief, including showing irreparable harm and likelihood of success.") (citing *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423 (1974)).

Under these circumstances, plaintiff's request for interim injunctive relief is without merit. *See Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors [is] given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed." ) (citing *Sandison v. Mich. High Sch. Athletic Ass'n*, 64 F.3d 1026, 1037 (6th Cir. 1995)) (emphasis added). *See also Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

Accordingly, it is **RECOMMENDED** that *Plaintiff's Motion*, Doc. No. 3, be **DENIED**.

Defendants Mary Potter and Michelle Miller have filed motions to dismiss, Doc. Nos. 22, 23. Plaintiff may have twenty-one (21) days from the date of this *Report and Recommendation* to respond to those motions. Plaintiff is **ADVISED** that his failure to respond may result in the grant of those motions or the dismissal of the case for failure to prosecute.

7

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


September 18, 2013                              *s/Norah McCann King*
                                                Norah M<sup>c</sup>Cann King
                                           United States Magistrate Judge