```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

**GORDON BROOKS,**

      **Plaintiff,**

    **v.**                               **Case No. 2:13-CV-507**
                                              **JUDGE FROST**
                                              **Magistrate Judge King**

**MARY POTTER,** *et al.*,

      **Defendants.**

## ORDER AND
## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of the *Motions to Dismiss* filed by Defendants Mary Potter and Michelle Miller, Doc. Nos. 22 and 23.  For the reasons that follow, it is recommended that the motions be granted. Plaintiff is also ordered to show cause why the claims against the remaining two defendants should not be dismissed for failure to effect timely service of process.

**I.**

Plaintiff Gordon Brooks, a state inmate, brings this action for monetary relief pursuant to 42 U.S.C. § 1983, claiming a violation of his rights under the Eighth Amendment to the United States Constitution.  Named as defendants are Mary Potter and Michelle Miller, employees assigned to the Belmont Correctional Institution ["BeCI"]; T. Buchannon, identified by Plaintiff as the warden of the

Ross Correctional Institution ["RCI"]; and Jhon [sic] Doe, Chief of the Bureau of Classification.[1]

The *Complaint*, Doc. No. 2, alleges that, while Plaintiff was incarcerated at BeCI in September 2011, he was accused of being a "snitch" and was threatened by several inmates. *Id.* at 2. Plaintiff informed Defendant Potter, whom Plaintiff identifies as an investigator at BeCI, that he had in fact served as an informant for the Akron Police Department and the Federal Bureau of Investigation. Plaintiff also told Defendant Potter that certain inmates were smoking marijuana. *Id.* at 2-3. Plaintiff was placed in administrative segregation pending a protective custody investigation and verification of his alleged role as an informant. *Id.* at 3. During a hearing held on October 25, 2011, the "Protective Control Committee" verified Plaintiff's work as an informant. *Id.* at 4. The Committee concluded that Plaintiff should not be housed with inmates from Akron, Ohio and recommended Plaintiff's transfer to another institution. *Id.*

Plaintiff claims that he was nevertheless returned to his cell which also housed an inmate from Akron and that Plaintiff was assaulted later that same day. *Id.*

In May 2012, Plaintiff was transferred to RCI. He alleges that, because of his work as an information, he was also assaulted at that institution in June 2012. *Id.*

Plaintiff alleges that he appeared before the Protective Control Committee again on June 11, 2012 and that the Committee again

---

[1] Service of process on T. Buchannon was returned unexecuted with the remark that no such individual is employed at RCI. Doc. No. 17. Service of process on Jhon Doe was also returned unexecuted with the remark that "there is no such employee" at the address provided by Plaintiff. Doc. No. 20.

2

recommended his transfer to another institution. *Id.* at 5. Plaintiff appealed this decision to T. Buchannon, warden of RCI, but the appeal was denied. *Id.* Plaintiff alleges that, on August 24, 2012, Buchannon came to Plaintiff's cell and stated: "I'm calling Columbus and having the decision changed. You are going to [protective custody] where you should have been a long time ago." *Id.* Plaintiff remained in segregation until he was transferred to ACI on November 20, 2012. *Id.* at 5-6. After his arrival at ACI, Plaintiff was placed in segregation for refusing to be placed in a cell "with known gang members." *Id.* at 6.

Plaintiff claims that each Defendant "knew of danger and disregarded it which resulted in Plaintiff being assaulted several times." *Id.* at 7. Plaintiff specifically claims that Defendant Potter should not have permitted Plaintiff to be assigned to a cell that also housed an inmate upon whom Plaintiff had snitched. *Id.* at 6. Plaintiff claims that Defendant Miller should have assigned Plaintiff to protective custody. *Id.* According to Plaintiff, these Defendants were deliberately indifferent to Plaintiff's need for protection. As noted *supra*, the *Complaint* seeks only monetary relief.[2]

Defendants Potter and Miller now move to dismiss Plaintiff's claims against them pursuant to Rule 12(b)(6). Although Plaintiff has been afforded the opportunity to respond to the motions, and has been advised that his failure to respond may be construed as an abandonment

---

[2] Plaintiff's separate motion for interim injunctive relief asking "that plaintiff not be removed from protective custody until this case has been disposed of," *Motion for Temporary Protection*, Doc. No. 3, p. 3, has been denied. *Order*, Doc. No. 27.

3

of the claims against these defendants, *see Order*, Doc. No. 26, Plaintiff has not responded to the motions.

**II.**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) attacks the legal sufficiency of a complaint. *Roth Steel Prods. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983). Thus, all the factual allegations in the complaint are accepted as true and a motion to dismiss for failure to state a claim for relief will be granted only if the pleading fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 622, 679 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.").

**III.**

Defendants Potter and Miller ask that the claims against them be dismissed because Plaintiff's prior litigation precludes his pursuit of those claims in this Court. These Defendants also contend that Plaintiff has failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ["PLRA"], 42 U.S.C. § 1997e(a). As noted *supra*, Plaintiff does not oppose the Defendants' motions.

**A.**

The Court will first consider the exhaustion issue. The PLRA requires a prisoner to exhaust available administrative remedies prior

4

to filing an action in federal court.[3] In order to satisfy this exhaustion requirement, an inmate plaintiff must "complete the administrative review process in accordance with the applicable procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). "Failure to exhaust is an affirmative defense under the PLRA, and [ ] inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007).

In Ohio, prisoners must utilize the three-step grievance procedure outlined at Ohio Admin. Code § 5120-9-31. First, an inmate must file an informal complaint within fourteen days of the event giving rise to the complaint. § 5120-9-31(K)(1). The informal complaint must be addressed "to the direct supervisor of the staff member, or department most directly responsible for the particular subject matter of the complaint." *Id.* If the informal complaint is resolved in a manner that is unsatisfactory to the inmate, the inmate must then file a notification of grievance with the inspector of institutional services within fourteen days. § 5120-9-31(K)(2). If the inmate is dissatisfied with the disposition of the grievance, the inmate must then appeal to the office of the chief inspector within fourteen days. § 5120-9-31(K)(3).

Defendants argue that the *Complaint* must be dismissed because it

---

[3] In particular, the statute provides:
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

alleges only that Plaintiff "wrote a[n] incident report," *Complaint*, at 3, and fails to affirmatively allege completion of the entire administrative grievance process. However, the defense of failure to exhaust is, as noted *supra*, an affirmative defense upon which a defendant bears the burden of proof; an inmate plaintiff need not affirmatively plead exhaustion. *Jones v. Bock*, 549 U.S. at 216. Because the moving Defendants have failed to carry their burden of proof on the issue of exhaustion, the claims against them are not subject to dismissal on this basis.

**B.**

Nevertheless, the claims asserted against the moving Defendants must be dismissed because Plaintiff previously presented those claims in an action for monetary and injunctive relief filed by him in the Ohio Court of Claims on August 13, 2012. *Brooks v. Department of Rehabilitation and Correction*, Case No. 2012-06181 (Ohio Ct. Cl. August 13, 2012).[4] That case, in which Plaintiff is represented by counsel, is currently scheduled for trial in the Ohio Court of Claims beginning January 29, 2014. *Id.*

Ohio Revised Code § 2743.02(A)(1) provides:

> Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any officer or employee, as defined in section 109.36 of the Revised Code.

---

[4] The docket and filings in that action can be electronically accessed at http://search.cco.state.oh.us/scripts/cgiip.exe/WService=civilprod/ws_civilcasesearch_2007.r?mode=1&CaseNo=2012-06181 (accessed October 31, 2013).

This waiver includes certain claims under 42 U.S.C. § 1983. *Leaman v. Ohio Dept. of Mental Retardation & Dev. Disabilities*, 825 F.2d 946, 952 (6th Cir. 1987). In particular, claims for monetary damages against state officials in their individual capacities are waived by the filing of an action in the Ohio Court of Claims. *Turker v. Ohio Dept. of Rehabilitation and Correction*, 157 F.3d 453 (6th Cir. 1998).

Because Plaintiff filed an action in the Ohio Court of Claims arising out of the same events that give rise to this action, Plaintiff has waived his claims in this action for monetary relief – the only claims presented in the *Complaint*. Defendants' motions to dismiss on this basis are therefore meritorious.

In sum, it is **RECOMMENDED** that Defendants' *Motions to Dismiss*, Doc. Nos. 22 and 23, be **GRANTED**.

As previously noted, Plaintiff has not effected service of process on Defendants T. Buchannon and Jhon Doe. Plaintiff is **ORDERED** to show cause, within fourteen (14) days, why the claims asserted against these Defendants should not be dismissed. *See* Fed. R. Civ. P. 4(m)(claims against a defendant not served with process within 120 days must be dismissed). Plaintiff's failure to respond to this order will result in the dismissal of the claims asserted against these remaining Defendants.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28

7

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

October 31, 2013                             *s/  Norah McCann King*
DATE                                           NORAH McCANN KING
                                             UNITED STATES MAGISTRATE JUDGE